UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS ROBINSON,

    Plaintiff,

v.                                                        Case No.: 8:10-cv-00278-T-24-AEP

DAKO NORTH AMERICA, INC.,

    Defendant.

_____/

**O R D E R**

This Court now considers Defendant Dako North America, Inc.'s ("Dako") Amended Motion to Dismiss or, in the alternative, Motion to Strike portions of all Counts of Plaintiff's Amended Complaint (Doc. 10), which Plaintiff Thomas Robinson opposes (Doc. 11 ). For the reasons stated, the Court denies Dako's Motion to Dismiss on all Counts.

**I.    Background**

Plaintiff alleges the following in his Amended Complaint (Doc. No. 10): Plaintiff Robinson, a resident of Palm Harbor in Pinellas County, Florida, was hired on October 1, 1996 by Dako, a global leader in tissue-based cancer diagnostics. In 2003, Dako employed Robinson as the Southeast Regional Sales Manager. On May 16, 2007, Dako terminated Robinson's employment, citing as its reason Robinson's personal relationship with a competitor's employee. At the time, Robinson was older than forty. Robinson claims Dako had been aware of Robinson's personal relationship with a competitor's employee for a number of years, and a similarly situated younger female employee who had a relationship with a competitor's

employee was not terminated.  When Dako terminated Robinson, Robinson's territory was among the territories surpassing its quota.

Shortly before Robinson's termination, Dako undertook a program in January 2007 to change the image of its sales force from "a professor in her late 50s" to a "young career woman in her mid-30s."  According to internal Dako documents, this program's goal was to transform Dako's image from a company with an over-50 workforce to a company with a younger workforce.

Based on these facts, Robinson filed the lawsuit, which includes claims for age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") (Count I) and the Florida Civil Rights Act ("FCRA") (Count II), and gender discrimination in violation of Title VII of the Civil Rights Act of 1964 (Count III) and the FCRA (Count IV).  In response, Dako moves to dismiss all claims or, alternatively, to strike redundant allegations that appear in all counts of Robinson's complaint.

## II.  Standard of Review

In deciding a motion to dismiss, a court is required to view the complaint in the light most favorable to the plaintiff.  *Murphy v. Federal Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000).  Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a short and plain statement of the claim showing the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  Although Rule 8 does not require a claimant to set out in detail the facts upon which he bases his claim, it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 129 S.

Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must allege sufficient facts, accepted as true, to state a plausible claim for relief. *Id.* While the Court must assume that all of the factual allegations in the complaint are true, this assumption is inapplicable to legal conclusions. The door to discovery will not open for a plaintiff "armed with nothing more than legal conclusions." *Id.* at 1950. But where a complaint contains well-pleaded facts, if those facts "do not permit the court to infer more than the mere possibility of misconduct," the complaint stops short of plausibility and does not show the plaintiff is entitled to relief. *Id.*

While an ADEA or Title VII complaint must provide "'enough factual matter (taken as true' to suggest" a plausible discrimination claim, it need not need not allege particular facts to establish every element of a *McDonnell Douglas* prima facie case, *Davis v. Coca-Cola Bottling Co. Consolidated*, 516 F.3d 955, 974 (11th Cir. 2008) (quoting *Twombly,* 550 U.S. at 555 and citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)), because "the prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement." *Swierkiewicz*, 534 U.S. at 510.

Under Federal Rule of Civil Procedure 12(f), a court "may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." "A motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Story v. Sunshine Foliage World, Inc.*, 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000) (internal citations omitted).

### III. <u>Motion to Dismiss</u>

Dako moves to dismiss this case on the ground that Robinson fails to state a claim upon which relief can be granted. Alternatively, Dako moves to strike certain allegations on the

3

ground that they are redundant.

> **A. Robinson has pleaded facts sufficient to establish plausible age discrimination claims under the ADEA and FCRA.**

The ADEA and FCRA make it unlawful for an employer to discharge or otherwise discriminate against any individual "with respect to his compensation, terms, conditions, or privileges of employment" because of the individual's age. 29 U.S.C. § 623(a)(1) (2009); Fla. Stat. Ann. § 760.10(1)(a) (West 2009). A plaintiff may establish an age discrimination claim under the ADEA or FCRA by direct or circumstantial evidence. *Dyer v. Paxson Commc'n Corp.*, 267 F. App'x. 901, 902 (11th Cir. 2008). Where the evidence is circumstantial, a plaintiff must prove: "(1) that he was a member of the protected class of persons between the ages of forty and seventy; (2) that he was subject to adverse employment action; (3) that a substantially younger person filled the position that he sought or from which he was discharged; and (4) that he was qualified to do the job for which he was rejected." *Dyer*, 267 F. App'x. at 903 (citing *Turlington v. Atlantic Gas Light Co.*, 135 F.3d 1428, 1432 (11th Cir. 1998)). However, a plaintiff's ADEA complaint need not include specific facts to establish each element. *Kasten v. Ford Motor Company*, No. 09-11754, 2009 WL 3628012, at *4 (E.D. Mich. Oct. 30, 2009).

Robinson has pleaded facts sufficient to establish plausible age discrimination claims under the ADEA and FCRA. Specifically, Robinson alleges that he is older than forty and therefore a member of the protected class, that he was subject to an adverse employment action (discharge), and that Dako treated him less favorably than a similarly situated younger employee when it terminated Robinson for engaging in a personal relationship with a competitor's employee but did not terminate a younger employee engaged in a similar relationship. Although Robinson has not pleaded particular facts to establish every element of a *McDonnell Douglas*

prima facie case, he need only plead enough factual matter to suggest plausible age discrimination claims, and he has done that.

>   **B.     Robinson has pleaded facts sufficient to establish plausible gender discrimination claims under Title VII and the FCRA.**

Title VII of the Civil Rights Act of 1964 and the FCRA make it unlawful for an employer to discharge or otherwise discriminate against an employee on the basis of gender. 42 U.S.C. § 2000e-2(a)(1) (2009); Fla. Stat. Ann. § 760.10(1)(a). A plaintiff may establish a gender discrimination claim under the Title VII or FCRA by direct or circumstantial evidence. Where the evidence is circumstantial, a plaintiff must prove: "(1) she is a member of a protected class; (2) she was qualified for her job; (3) she was subjected to an adverse employment action; and (3) her employer treated similarly situated employees outside her class more favorably." *Curtis v. Broward County,* 262 F. App'x. 882, 883 (11th Cir. 2008) (citing *Maynard v. Bd. of Regents of Div. of U. of Fla. Dept. of Educ.*, 342 F.3d 1281, 1289 (11th Cir. 2003)). However, a plaintiff's Title VII complaint need not include specific facts to establish each element. *Kasten*, 2009 WL 3628012, at *4.

Robinson has pleaded facts sufficient to establish plausible gender discrimination claims under Title VII and the FCRA. Specifically, Robinson alleges that he is male and therefore a member of a protected class, that he suffered an adverse employment action (discharge), and that Dako treated him less favorably than a similarly situated female employee when Dako terminated Robinson for engaging in a personal relationship with a competitor's employee but did not terminate a female employee engaged in a similar relationship. Although Robinson has not pleaded particular facts to establish every element of a *McDonnell Douglas* prima facie case, he need only plead enough factual matter to suggest plausible gender discrimination claims, and

he has done that.

**IV.     Motion to Strike**

      **C.     The redundant allegations in Robinson's complaint will not be stricken because they are related to Robinson's claims.**

While some of the allegations in Robinson's complaint are redundant, in most instances the redundancy is necessary in order for Robinson to plead the elements of each claim. Where the redundancy is not necessary, it does not prejudice Dako. Because the redundant allegations are related to Robinson's claims and do not prejudice Dako, the Court will not strike them.

**V.     Conclusion**

For the these reasons, Dako's Motion to Dismiss Counts I, II, III, and IV of Robinson's Amended Complaint or, in the alternative, the Motion to Strike portions of Robinson's Amended Complaint (Doc. 10) is **DENIED**.

**ORDERED** at Tampa, Florida, this 29th day of March, 2010.

                                        SUSAN C. BUCKLEW
                                        United States District Judge

Copies to:
Counsel of Record